## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GILEAD MUTAVA,

   *Plaintiff*,

  v.

UNITED STATES OF AMERICA, *et al.*,

   *Defendants*.

Civil Action No. 1:25-cv-02567 (CJN)

## **MEMORANDUM OPINION**

Before the Court is Plaintiff Gilead Mutava's *pro se* Amended Complaint ("AC"), ECF No. 4, and his Amended Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 5. The Court grants Mutava's Amended IFP application and, for the reasons explained below, dismisses this matter without prejudice.

Mutava, a resident of Nairobi, Kenya, sues the United States and the Federal Judiciary of the United States. *See* AC at 1–2. The allegations are difficult to follow. Mutava contends that, in April 2020, he filed an action in the High Court of Kenya's Tax Division, against several defendants, including the United States and the President of the United States. As best understood, Mutava alleges that all the Defendants defaulted, but that the High Court of Kenya failed to "initiate [an] emergency decree," thus depriving Mutava of relief. *See id.* at 4. He demands that "the Federal Judicial Center transparently through the sequential United States Federal Courts . . . authoritatively make sure all [his] legal rights are protected and secured on enforceable emergency preliminary rulings starting with the initial preliminary payments due[] to [him] on conclusive decisions[.]" *Id.* He further demands more than $10 trillion in damages. *See id.*

*Pro se* litigants must comply with the Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and Rule 8 requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

But a complaint that is "full of irrelevant and confusing material" will fail the Rule's standard, and so will "a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (citation omitted). If a complaint fails to comport with the standards of Rule 8, the court may dismiss the pleading or the action. *Id.* Mutava's complaint, as a "confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Further, insofar as Mutava demands that this Court review decisions or otherwise intervene in a matter filed in a foreign court, he has failed to cite to any authority to establish that this Court has subject matter jurisdiction. On the contrary, "[c]omity ordinarily requires that courts of a separate sovereign not interfere with concurrent proceedings based on the same transitory claim." *Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 939 (D.C. Cir. 1984).

Finally, sovereign immunity generally bars a suit against the United States, its officials, and its agencies. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Here, Mutava has not identified any such waiver.

For the foregoing reasons, this matter is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

DATE:  October 17, 2025

_____
CARL J. NICHOLS
United States District Judge